*In re* CONSTRUCTION OF WILL OF FRANCIS WILLIS, DE-
CEASED.

NEWPORT—JULY 13, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Wills. Estates for Life. Rule in Shelley's Case.*

Testamentary devise as follows: "1.  I give and devise to my son A. the house and lot warein he now lives; and of A. should dye his whife B. then the above described property is to go to her for and during her natural life and no longer.

"2.  I give and bequeath to my whife C. all my real and personal estate for and during her natural life.

"6.  I give and devise to my son A. All the rest and residue of my estate of every kind and Nature and waresoever sittuated or lying.  After the deth of my wife C. by his paying all my just dets funeral charges and settleing of my estate and erecting suitable grave stones at our graves my will is that after the deth of my son A. the above property must go to the next of cind:"—

*Held*, that, under the first clause A., took a life estate only in the real estate therein described, the provision that the property at his death should go to his wife B. for life showing by plain implication that A. took for life only.  The same limitation preventing the operation of Gen. Laws cap. 203, § 14, providing that when any estate is devised without words of limitation such devise shall be construed to pass the fee.

*Held*, further, that, upon the death of testator's widow, C., his son A. took the residue for life, subject to the payment of debts and legacies.

*Held*, further, that the abrogation of the rule in Shelley's case, by Gen. Laws cap. 201, § 6, prevented the vesting of the fee of the real estate which C. took for life in A. at her death, as well as the vesting of the fee of the estate devised to A. by the first clause of the will.

*Held*, further, that, giving effect to both the first and second clauses of the will, the latter must be held by implication to cover only the remainder of the estate, not theretofore devised, and hence C. took no interest in the real estate described in the first clause.

CASE STATED for an opinion under Gen. Laws cap. 240, § 24.

TILLINGHAST, J.  This is a case stated for an opinion under Gen. Laws R. I. cap. 240, § 24, upon the following agreed statement of facts, namely:

1.  That Francis Willis died in the town of New Shore-ham in this State, on the 4th day of March, 1902, leaving a

last will and testament which was duly approved, allowed, and ordered recorded by the Probate Court of said town, on the 5th day of May, 1902, and that letters of administration with the will annexed were thereafterwards granted to Alton H. Mott, the executor named in said will, Alvin H. Sprague, having renounced the trust conferred upon him.

2.   That the said Francis Willis, at the time of his death, was seized in fee of certain real estate in said town of New Shoreham, and in and by his last will and testament devised the same in the words following:

"*first*   I give and devise to my son Orlando F. Willias the house and lot warein he now lives It being about ¾ of an achor as it is now enclosed And it is butted bunded and described as followers Northerly on the old dam pond or stubes hole and easterly on lands of the grantor and southerly on the highway and westerly on lands of the grantor and of Orlando F. Willias should dye his whife Carrie Sprague. Willias then the above described property is to go to her for and during her natural life and no longer.

"*secondly*   I give and bequeath to my said whife Hannah I. Willias all my real and personal estate of every kind and nature or waresoever sittuated or lying for and during her natural life.

"*sixt*   I give and devise to my son Orlando F. Willis All the rest and residue of my estate of every kind and Nature and waresoever sittuated or lying.   After the deth of my said whife Hannah I. Willias by his paying all my just dets funeral charges and settleing of my estate and erecting suitable gravestones at our graves my will is that after the deth of my son Orlando F. Willias the above property Must go to the next of cind."

3.   That your petitioners are the same persons mentioned as devisees in said first, second, and sixth clauses, respectively, of said last will and testament.

4.   That said Francis Willis deceased, leaving a widow, Hannah I. Willis, and a son, Orlando F. Willis, your petitioners hereto.   And your said petitioners hereby submit to the court for its opinion the following questions:

1. "What interest in the real estate described in clause first, does the said Orlando F. Willis take under and by virtue of the said first clause of the last will and testament of said Francis Willis, deceased."

2. "Does the said Orlando F. Willis under and by virtue of the said first clause of said last will and testament take such an interest in said real estate as he can dispose of by deed or will?"

3. "What interest in the residue and remainder of the estate does said Orlando F. Willis take under and by virtue of the sixth clause of said last will and testament of said Francis Willis, deceased?"

4. "What interest, if any, does the widow, Hannah I. Willis, take in the real estate described in clause first, of the said last will and testament of said Francis Willis, deceased, under and by virtue of the second clause of the last will and testament of said Francis Willis, deceased?"

5. "What are the respective interests in said real estate of the said Orlando F. Willis, the son, said Hannah I. Willis, the widow, and Carrie Sprague Willis, wife of said Orlando F. Willis, under and by virtue of the first, second, and sixth clauses of the said last will and testament of said Francis Willis, deceased?"

"Signed,   { "ORLANDO F. WILLIS,
            "CARRIE SPRAGUE WILLIS,
            "HANNAH I. WILLIS,
            "ALTON H. MOTT, *Admr.*"

(1)   While the provisions of the will which we are thus called upon to construe are most bunglingly drawn, and, at first blush, are seemingly inconsistent and repugnant to each other, yet we have come to the conclusion, after considerable study thereof, that they can be allowed to stand as parts of the will, and that a reasonable interpretation thereof can be given. And in answer to the first question propounded we reply that, under the first clause of said will, the testator's son Orlando takes a life estate only in the real estate therein described.

We cannot agree with counsel for the son Orlando in his contention that the words "wherein he now lives," in said first clause, express the intention to devise said real estate to him in fee; or in his further contention that the will taken as a whole can be so construed. We might guess that, in view of the various provisions of the will and the particular relation to the testator of the persons mentioned as beneficiaries therein, it would be natural and reasonable for him to give his son said house and lot in fee-simple. But so long as he has not used any language which legally shows such an intention, or which can properly be construed to have such an effect, we cannot say that such an intention existed. In short, the court cannot make a will for the deceased, but can only interpret, as best it may, the very blind and obscure one which he has made himself.

It is true that the clause now under consideration does not in terms limit the estate devised to Orlando to his life. But it expressly provides that, if he should die, then the property is to go to his wife Carrie Sprague Willis "for and during her natural life and no longer;" thus showing by plain implication that the son took it for life only, as otherwise he could dispose thereof and thereby deprive his wife of her interest therein by virtue of said provision. See "Life Estate by Implication," 1 Washb. Real Prop. 6th ed. § 224.

But for the limitation thus put upon the devise to the son, he would doubtless take said real estate in fee under Gen. Laws R. I. cap. 203, § 14, which provides that: "Whenever any real estate shall be devised without words of limitation, such devise shall be construed to pass the fee-simple or other the whole estate or interest which the testator had power to dispose of by will in such real estate, unless a contrary intention shall appear by the will." But the devise in question does contain words of limitation, and does show an intention contrary to an absolute gift to the son. Moreover, the provision that the estate is to go to the wife of Orlando "for and during her natural life and no longer" also shows by implication that the testator had in mind the

existence of his property intact, as a part of his estate after the death of said Carrie, and intended that it should then fall into the residue and go as provided in the residuary clause of his will.

In answer to the second question we reply that, it being only a life estate which said Orlando takes in said real estate, it follows, of course, that he can dispose thereof by deed only, and not by will.

In answer to the third question we reply that, upon the death of the testator's widow, Hannah I. Willis, his son Orlando takes all of the residue of his father's estate, both real and personal, for life, subject to the payment of debts, funeral expenses, and the expense of erecting suitable gravestones over his parents' graves, and subject also to the payment of the pecuniary legacies elsewhere provided for in the will. See *Phillips* v. *Clark*, 18 R. I. 627.

But for the abrogation of the rule in Shelley's case, in this State, prior to the making of said will, the effect of said sixth clause would doubtless be to vest the fee of the real estate which the widow takes for life in the son at her death, the concluding phrase of said clause being "my will is that after the deth of my son Orlando F. Willias the above property must go to the next of cind," (meaning kin) which language is equivalent to saying that after the death of the son it was to go to his heirs. And it is well settled that no particular terms are necessary to pass a fee in cases of this sort, but that any words which are of similar import to "heirs and assigns" will have this effect. *Moore* v. *Dimond*, 5 R. I. p. 126. See also *Bullock* v. *Baptist Society*, *ib.* 273.

We may also add that but for the abrogation of the rule in Shelley's case the effect of said sixth clause would be to vest the fee of the first described realty in the son also, as that clause gives to him all the rest and residue of the testator's estate of every kind and nature, and wheresoever situated or lying. But, under Gen. Laws R. I. cap. 201, § 6, it is provided that: "When lands are conveyed by deed or devised by will hereafter executed, to a person for his life, and after his death to his heirs in fee, or by words to that legal

effect, the conveyance or devise shall be construed to vest an estate for life only in such first-taker, and a remainder in fee-simple in his heirs."

It is therefore clear that, upon the death of the widow of the testator, his son Orlando takes only a life estate in the property described in the sixth clause of the will.

In answer to the fourth question we reply that Hannah I. Willis takes no interest in the real estate described in clause first of said will; for, while it is true that the second clause thereof, in terms, gives all of the testator's real and personal estate of every kind and nature to his wife, yet, in view of the fact that he had just devised a certain specific part thereof to his son Orlando, said second clause must by implication be held to cover and include only the remainder of the testator's estate, for otherwise the provisions would be hopelessly irreconcilable and meaningless. See Redfield on Wills, 4th ed. vol. 1, p. 451, § 3, and cases cited. And it is a familiar rule in the construction of wills that effect will be given to each and every part thereof as far as possible, and that "within all reasonable limits the courts will endeavor to reconcile two apparently inconsistent provisions of the will, rather than to absolutely ignore either, or to declare that they are both void or uncertain." Page on Wills, § 470; Redf. on Wills, Part 1, 1st ed. p. 445.

As what we have already said practically answers the fifth question in so far as it relates to the interests of Orlando F. Willis and Hannah I. Willis under said will, there is no occasion to consider it separately. In so far as it relates to the interest of Carrie Sprague Willis, we reply that she takes a life estate in the real estate described in clause first in case she survives her husband.

*Robert M. Franklin*, for Orlando F. Willis.